# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-547


DIANA DUPUY

VERSUS

DG LOUISIANA, LLC


********

SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 15-2013
HONORABLE KERRY L. SPRUILL, DISTRICT JUDGE

********

## SHANNON J. GREMILLION
## JUDGE

********


Court composed of John D. Saunders, Shannon, J. Gremillion, and John E. Conery, Judges.



**WRIT DENIED**.



Cory P. Roy
Brandon J. Scott
Renee Y. Roy
Roy & Scott, Attorneys at Law
107 North Washington Street
Marksville, LA 71351
(318) 240-7800
COUNSEL FOR PLAINTIFF:
Diana Dupuy

**Peter J. Wanek**
**Trevor C. Davies**
**Lynda A. Tafaro**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch**
**909 Poydras Street, Suite 100**
**New Orleans, LA 70112**
**COUNSEL FOR DEFENDANT/RELATOR:**
    **DG Louisiana, LLC**

**GREMILLION, Judge.**

Relator, DG Louisiana, LLC, seeks supervisory writs from the trial court's judgment denying Relator's motion for summary judgment. For the following reasons, the writ is denied.

## STATEMENT OF THE CASE

This case involves an accident that occurred while Plaintiff, Diana Dupuy, was shopping at Relator's Dollar General Store in Marksville, Louisiana. Plaintiff went to the store on July 21, 2014, but was unable to find a shopping cart. She asked Rose Maricle, who was employed by Relator at the time, about getting a shopping cart to use. Maricle, who was on a smoke break, allegedly informed Plaintiff that she could use a shopping cart that was filled with cardboard boxes and located in one of the aisles of the store. Plaintiff began to unload the boxes from the cart so that she could use it. Allegedly, when Plaintiff lifted a box containing canned goods from the shopping cart, the cart fell onto her chest and legs, causing her to fall backwards into the store's shelving. As a result of the accident, Plaintiff filed a personal injury lawsuit against Relator. Relator filed a motion for summary judgment seeking dismissal of Plaintiff's lawsuit. Following a hearing, the trial court denied Relator's motion for summary judgment. Relator now seeks review of the trial court's ruling.

## SUPERVISORY RELIEF

Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling. *Louviere v. Byers*, 526 So.2d 1253 (La.App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988).

## ON THE MERITS

Relator argues that the trial court erred when it denied Relator's motion for summary judgment. Relator notes that with regard to the liability of the custodian for a defective thing, La.Civ.Code art. 2317.1 provides as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Also, Relator notes that in order to prevail in a claim against a merchant for a fall on the merchant's premises, a plaintiff is required to prove the elements of a general tort claim as well as the following elements set forth in La.R.S. 9:2800.6(B):

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Relator asserts that the trial court should have granted its motion for summary judgment and dismissed Plaintiff's lawsuit because Plaintiff has not produced evidence to show that she will be able to prove that the shopping cart was defective or unreasonably dangerous or prove that Relator had any knowledge of any defect or condition that posed an unreasonable risk of harm. Relator contends that those two elements must be proven whether Plaintiff is proceeding under general tort law or the Merchant's Liability Statute, La.R.S. 9:2800.6. Relator notes that Plaintiff alleges that the boxes were improperly stacked in the shopping

cart, thus rendering the cart defective. However, Relator maintains that no evidence has been offered to show that the boxes were improperly stacked in the cart.

Relator contends that the trial court's decision to deny the motion for summary judgment was based on Maricle's affidavit. Relator notes that Plaintiff submitted Maricle's affidavit as evidence supporting her opposition to the motion for summary judgment. In her affidavit, Maricle states that Plaintiff would have needed Maricle to explain to her how to remove the boxes from the shopping cart so that the cart would not flip. However, Relator argues that the trial court's decision to admit the affidavit over Relator's objection was erroneous because the affidavit contains speculation and opinion testimony by a lay witness in violation of La.Code Evid. art. 701 and La.Civ.Code art. 967(A). Also, Relator contends that while Maricle's affidavit states that she stacked the boxes in the shopping cart, the affidavit does not describe the manner in which the boxes were stacked. Thus, Relator asserts that there is no evidence that the boxes were improperly stacked.

In her opposition to the instant writ application, Plaintiff contends that the trial court properly admitted Maricle's affidavit. Plaintiff notes that La.Code Evid. art. 701 provides as follows:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

"The general rule is that a lay witness is permitted to draw reasonable inferences from his or her personal observations." *State v. LeBlanc,* 05-885, p.7 (La.App. 1 Cir. 2/10/06), 928 So.2d 599, 603. "If the testimony constitutes a

3

natural inference from what was observed, no prohibition against it as the opinion of a non-expert exists as long as the lay witness states the observed facts as well." *Id.* Plaintiff argues that Maricle's opinion as to the stability of the boxes in the shopping cart is within her perception because she is the one who stacked the boxes. Plaintiff also argues that since Maricle is the only one with personal knowledge of how the boxes were stacked in the cart, her opinion is helpful in determining whether the shopping cart posed a danger. Plaintiff maintains that Maricle's affidavit provides factual support for Plaintiff's assertion that a dangerous condition existed. Further, Plaintiff contends that despite Relator's argument to the contrary, the affidavit does explain how the boxes were stacked in the cart. In that regard, Plaintiff notes that Maricle states in her affidavit that she stacked possibly eight boxes of canned goods in and under the shopping cart, with some boxes sticking out of the top of the cart.

We agree with Plaintiff that the admission of Maricle's affidavit was proper because the affidavit was based on Maricle's first-hand knowledge and perceptions. The trial court properly found that as a former employee of the Dollar General Store, Maricle was in a position to give some insight on the issue of whether the shopping cart was loaded in such a way as created a risk of harm for Plaintiff.

We note that there are conflicting factual accounts regarding how Plaintiff came to use the shopping cart at issue. While in Plaintiff's deposition she alleges that Maricle told her to use the cart filled with boxes, Maricle states in her affidavit that she had initially instructed Plaintiff to use an empty cart that was supposedly next to the cart which was loaded with boxes of canned goods. However, Maricle does seem to acknowledge in her affidavit that she failed to instruct Plaintiff on how to remove the boxes so that the shopping cart would not flip. At the very

4

least, the affidavit does create a genuine issue of material fact as to whether the actions of Relator's employee negligently contributed to Plaintiff's accident such that Relator could be held liable for Plaintiff's injuries. Accordingly, the trial court did not err when it denied Relator's motion for summary judgment. Therefore, the writ application is denied.

**WRIT DENIED.**